STATE OF FLORIDA, *ex rel.*, JOHN B. JOHNSON, ATTORNEY
GENERAL, *Relator, v.* PAUL R. JOHNS, DAVID FESSLER, R.
A. YOUNG, M. C. FROST, AND I. T. PARKER, *Respondents.*

En Banc.

Opinion Filed July 6, 1926.

1. The principle of local self government is predicated upon the
   theory that the citizens of each municipality or governmental
   subdivision of a State should determine their own local pub-
   lic regulations and select their own local officials; but the
   extent to which and the manner in which the principle may
   be made applicable, depends upon the provisions of controll-
   ing organic and statutory laws of the particular State.

2. The legislature has plenary power over municipalities except
   as restrained by the Constitution.

3. Municipal officers are statutory officers subject to legisla-
   tive action; and the right to vote in municipal elections is
   controlled by statute and not by organic provisions relating
   to State elections.

4. Municipal corporations have, in the absence of constitutional
   provisions safeguarding it to them, no inherent right of self-
   government which is beyond the legislative control of the
   State.

5. The lawmaking power of the legislature of a State is sub-
   ject only to the limitations provided in the State and Fed-
   eral Constitutions; and no duly enacted statute should be
   judicially declared to be inoperative on the ground that it
   violates organic law, unless it clearly appears beyond all rea-
   sonable doubt that under any rational view that may be
   taken of the statute, it is in positive conflict with some iden-
   tified or designated provision of constitutional law.

6. A statute should be so construed and applied as to make it valid and effective if its language does not exclude such an interpretation.

7. Where a statute does not violate the Federal or State Constitution, the legislative will is supreme, and its policy is not subject to judicial review. The courts have no veto power and do not assume to regulate State policy; but they recognize and enforce the policy of the law as expressed in valid enactments, and decline to enforce statutes only when to do so would violate organic law.

8. Whatever the phrase "local self-government" may mean in government, the Constitution of this State contains no express provision with reference thereto and there are no provisions of the organic law that so modify the express provision of Section 8, Article VIII of the Constitution that "the legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time," as to withhold from the legislature the power to designate by statute the particular persons who shall exercise the powers of a municipality created by statute, such power to designate being a part of or incidental to the quoted organic power to establish municipalities, to provide for their government and to prescribe their jurisdiction and powers.

9. The courts should not declare a statute to be void or inoperative on the ground that it is opposed to a spirit that is supposed to pervade the Constitution, or because the statute is considered unjust or unwise or impolitic.

10. In exercising the powers expressly conferred by Section 8, Article VIII, the legislature must not violate any other provision of organic law.

11. The principle of "local self-government" is not operative to nullify a legislative enactment that does not violate any ex-

press or implied provision of the State or Federal Constitution.

A case of original jurisdiction.

*Vincent C. Giblin,* for Relator;

Demurrer overruled and writ quashed.

*L. O. Casey, James M. Carson, McCune, Casey, Hiaasen & Fleming,* and *W. C. Hodges,* for Respondents.

---

STATE OF FLORIDA, *Ex Rel.* JOHN B. JOHNSON, *Attorney General, Relator,* v. PAUL R. JOHNS, DAVID FESSLER, R. A. YOUNG, M. C. FROST, AND I. T. PARKER, *Respondents.*

Division B.

Quo Warranto.

Original Jurisdiction.

STATEMENT.

There was filed in this court the following:

"INFORMATION.

"John B. Johnson, Attorney General of the State of Florida, who sues for the people of said State in this behalf, comes into court here on this day and for said State and in the name and by the authority thereof gives the court here to understand and be informed that Paul R. Johns, David