PAUL B. BROWN, *Plaintiff in Error*, v. THE TOWN OF EUSTIS, A MUNICIPAL CORPORATION, *Defendant in Error*.

En Banc.

Opinion Filed November 22, 1926.

1. A municipal corporation is not liable for the tortious acts committed by its officers as such, unless the acts complained of were committed in the exercise of some corporate power, or in the performance of some duty imposed upon the municipality by law.

2. Police officers appointed by a city are not its agents or servants in such sense as to render it responsible for unlawful, negligent or prohibited acts in the discharge of their public duties as policemen.

A Writ of Error to the Circuit Court for Lake County; J. C. B. Koonce, Judge.

Judgment affirmed.

*J. R. Bedgood,* for Plaintiff in Error.

*Duncan & Hamlin,* for Defendant in Error.

CHILLINGWORTH, Circuit Judge.—Plaintiff sues the municipality for an assault alleged to have been perpetrated by one of its policemen. It is alleged in the amended dec-

laration that while the policeman was patrolling the streets, the policeman, without authority of law and without being requested or called, entered into a certain place of business and attempted to and did arrest the plaintiff; that plaintiff was in the building as a guest of the owners thereof; that the arrest was without cause, malicious and without provocation on the part of the plaintiff; that the policeman struck the plaintiff and inflicted certain injuries upon him; that the policeman, while acting as such, after plaintiff had been felled by a blow from the policeman's revolver, took him to jail and kept him there for the remainder of the night, for all of which the plaintiff claims certain damages for the personal injuries alleged.

A judgment was entered for defendant on a demurrer to the amended declaration.

It is a settled law in this State that a municipal corporation is not liable for the tortious acts committed by its officers as such, unless the acts complained of were committed in the exercise of some corporate power, or in the performance of some duty imposed upon the municipality by law, and that it is not liable for the unlawful or prohibited acts of its officers or agents. City of Orlando v. Pragg, 31 Fla. 111, 12 South. Rep. 368, 34 Am. St. Rep. 17, 19 L. R. A. 196.

Judge Dillon in his work on Municipal Corporations, Vol. 4 (5th ed.), p. 2883, states that police officers appointed by a city are not its agents or servants in such sense as to render it responsible for unlawful or negligent acts in the discharge of their public duties as policemen.

In the instant case the amended declaration clearly shows that the officer was without any authority to enter the building and arrest plaintiff; therefore, all of the injuries sustained by the plaintiff were committed by the

officer during an unlawful and prohibited act, the doing of which was not authorized by the municipality or delegated to the municipality by any law.

The judgment will be affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is, hereby affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.