CITY OF JACKSONVILLE BEACH, a municipal corporation, *Plaintiff in Error,* vs. JOSEPH KELLER, a minor, by Alice M. Morgan, as his next friend, *Defendant in Error.*

135 So. 530.

En Banc.

Decision filed June 30, 1931.

Petition for rehearing denied August 10, 1931.

*Walter F. Rogers* and *Clifford T. Inglis,* for Plaintiff in Error.

*Evan Evans,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be and the same is hereby affirmed on the authority of the opinion filed in the case of City of Jacksonville Beach vs. Lola Mae Jones, decided April 4th, 1931. 133 So. Rep. 562.

Affirmed.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., dissent.

BUFORD, C.J. (Dissenting): This was a suit to recover damages for personal injury. It was alleged in effect that the injury was caused by the City of Jacksonville Beach through its agents, servants and employees carelessly and negligently firing a quantity of dynamite in a thickly populated portion of the City and thereby causing pieces of metal and other debris loosened by the charge of dynamite to be thrown against the plaintiff.

There were five counts in the declaration. Demurrers were filed to each and every count of the declaration and same were overruled.

There was a judgment in favor of the plaintiff to which writ of error was taken. The overruling of the demurrers is assigned as error.

It is needless for us to go further than this first assignment. It is not alleged anywhere in the declaration that

the injuries complained of were caused by the wrongful acts of the municipality, its officers or agents, while in the performance or exercise of any authority or duty conferred upon the municipality by law.

In Scott vs. City of Tampa, 62 Fla. 275, 55 Sou. 983, this Court, speaking through Mr. Chief Justice Whitfield, said:

"A municipal corporation is not liable for tortious acts committed by its officers and agents, unless the acts complained of were committed in the exercise of some corporate power conferred upon it by law, or in the performance of some duty imposed upon it by law. Such a corporation may be liable in damages for injuries to others proximately resulting from the doing by its officers in an *unauthorized* manner, of a *lawful* and *authorized* act, but not for doing an *unlawful* or prohibited act.

To create a liability against a municipality for the torts of its agents, the act done by the officers or agents of the municpiality that causes injury to another must be within the scope of the corporate authority of the municipality as prescribed by its charter, or by positive enactment. If the act complained of is wholly outside of any and all the authority and duties of the municipality, it is not in any event liable."

On authority of the opinion in that case and the authorities therein cited, the demurrers should have been sustained.

The judgment should be reversed.

Ellis, J., concurs.