FRANK EVERETT KENNEDY v. CITY OF DAYTONA BEACH, Municipal Corporation.

182 So. 228.

Division A.

Opinion Filed June 8, 1938.

Rehearing Denied July 1, 1938.

*Ray Selden,* for Plaintiff in Error;

*Leon J. C. Harton,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment in favor of defendant in a suit instituted by plaintiff in error in the court below to recover damages against the City of Daytona Beach resulting, as is alleged in the declaration, from a false imprisonment and assault and battery alleged to have been committed by J. B. Haney as Chief of Police of the City of Daytona Beach while "the said J. B. Haney as, and acting as and acting within the scope of his employment as Chief of Police of the City of Daytona·Beach, Volusia County, Florida, were done and performed for and in behalf of the said City of Daytona Beach, Florida, and as the recognized duly qualified and acting Chief of Police of the said City of Daytona Beach, Florida."

The declaration is in four counts, but there is no material difference in the allegations of the several counts.

The question presented is:

"Did the Circuit Court below err by reason of its holding that the City of Daytona Beach, a municipal corporation existing under the laws of Florida, and having the 'Mayor-Commission' form of organization, the defendant in error herein, could not be held liable for falsely imprisoning plaintiff in error herein?"

Stated another way, the question is:

"Was the lower court correct in holding that plaintiff in error's sole remedy for false imprisonment and/or assault and battery at the hands of defendant in error's police officer was an action solely against the police officer, and not the defendant in error City, in spite of the fact that said

City was being operated under the 'Commission-Manager' theory of municipal organization?"

The plaintiff in error has stated the same question in two other ways.

Plaintiff in error admits in his brief that the law as established under the rule of *stare decisis* in this State is against his contention, but he contends that the court should depart from its enunciations in former cases and hold the municipality liable for the acts of its police officers wrongfully committed in the discharge or performance of their duties as such officers.

The plaintiff in error's theory appeals somewhat to our sense of justice, but we must follow the law as it is established. Under the common law, law enforcement officers were considered arms of the King and while an officer might be held liable for his wrongful acts the Government or that branch of the Government for which he acted, could not be held liable on the theory that "The King can do no wrong," or the theory of governmental or sovereign immunity. The common law has not been abrogated by statute in this State and heretofore we have established the principle "that a municipal corporation is not liable for the tortious acts committed by its officers as such unless the acts complained of were committed in the exercise of some corporate power or in the performance of some duty imposed upon the municipality by law and that it is not liable for the unlawful or prohibitive acts of its officers or agents." See Brown v. Town of Eustis, 93 Fla. 931, 110 Sou. 873, and cases there cited.

In 43 C. J. 964, paragraph 1745, the principle involved is stated thus:

"When, by the action of the State, a municipal corporation is charged with the preservation of the peace, and empowered to appoint police boards and other agencies to

that end, the corporation *pro tanto* is charged with governmental functions in the public interest and for public purposes and in the exercise of its powers and duties in respect of the enactment and enforcement of police regulations it is entitled to the same immunity as the sovereign granting the power unless such liability is expressly declared by the sovereign. The police regulations of a city are not made and enforced in the interest of the city in its corporate capacity, but in the interest of the public. A city is not liable therefore for the acts of its officers in attempting to enforce such regulations, even when the regulations are void. Failure to require a bond of one appointed to the police force will not make the municipality liable for his acts. Furthermore, police officers can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved upon cities and towns by the Legislature as a convenient mode of exercising a function of government; but this does not render the cities and towns liable for their assaults, trespasses or negligent acts, while acting in the performance of such public duties, unless liability is imposed by statute, or unless the municipal charter or some special statute makes members of the police force agents of the municipality."

So it will be seen that the matter of changing the law is not one to be indulged by the court, but is a legislative function. We deem it needless to discuss here the wisdom or necessity of the rule of *stare decisis*.

In Volume 7 of Words & Phrases, First Series, beginning on page 6672, there will be found numerous quotations and citations of authorities concerning this doctrine.

The Legislature has the power to by valid enactment change the law in this regard and to provide that in cases like this municipalities may be held liable for the torts of its police officers, and other officers and agents committed

when exercising sovereign power. The wisdom or lack of wisdom of such law would be a matter for legislative determination, but until such time as the Legislature by valid enactment shall have changed the law in this regard this Court is in duty bound to adhere to the law of the land as now established and recognized.

So, the judgment should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.