J. L. McCAIN v. F. L. ANDREWS and CITY OF JACKSONVILLE.

190 So. 616
Division B
Opinion Filed July 21, 1939

*Will O. Murrell* and *Edgar W. Waybright, Jr.,* for Plaintiff in Error;

*Austin Miller* and *Gov Hutchinson,* for Defendant in Error.

PER CURIAM.—Plaintiff in error, J. L. McCain, instituted a common law action in the Civil Court of Record for Duval County against defendants in error to recover damages for

malicious prosecution. A demurrer to the declaration was sustained and the cause was thereafter dismissed by the plaintiff. A new action was brought in the Circuit Court on the same ground, and the declaration was held bad on demurrer. Plaintiff declined to plead further, final judgment was entered for defendant and plaintiff took writ of error.

The sole question we are called on to answer is whether or not a municipal corporation is liable for the torts of its officers or agents committed in the exercise of a governmental function imposed in the interest of the public.

The plaintiff in error addresses the major portion of his brief to the question of the sufficiency of his declaration and relies on Kaufman v. City of Tallahassee, 84 Fla. 634, 94 So. 697; and Maxwell v. Miami, 87 Fla. 107, 100 So. 147, to support his contention. He doesn't say much about the real issue in the case.

The cases he relies on discuss the distinction between governmental and ministerial or corporate functions laid on a municipality, and point out that these sometimes overlap, and can hardly be distinguished, but we do not understand them to hold that the municipality is liable for the torts of its agents when in the performance of strictly governmental duties.

In the case at bar we are not confronted with this difficulty. We have here a case in which the City of Jacksonville employed the defendant in error, F. L. Andrews, for the purpose of investigating fires of an incendiary origin and to secure warrants, and prosecute such as he deemed to be guilty. Under this authority, the plaintiff in error was on investigation by Andrews prosecuted for burning an automobile with intent to defraud an insurance company.

The charge was dismissed by the trial court and he brought this action.

It is not charged that Andrews was not acting within the scope of his employment. It is charged that the prosecution was maliciously done, and that plaintiff was injured in his name and business. There is no specification as to the manner in which he was injured. Neither is it charged that Andrews was acting for the city in its proprietary capacity.

The duty imposed on Andrews was clearly that of preserving the peace. Police regulations are not imposed by the city in its corporate or ministrial capacity, but they are imposed in the interest of the people as a governmental function. This Court is committed to the doctrine that the city is not liable for the acts of its officers or agents in the enforcement of such regulations. In the performance of such duties, the officers are not servants of the city, but agents of the public. It is sometimes difficult to determine the immunity of the municipality in these cases on account of the fact that the line of demarcation between a governmental and a proprietory function is so vague and indistinct, but not true in this case. This is the general rule which may have its exceptions, but the case at bar is not shown to be one.

The following cases support this view; Brown v. Town of Eustis, 92 Fla. 931; 110 So. 873, City of Orlando v. Pragg. 31 Fla. 111; 12 So. 368, Ballard v. City of Tampa, 124 Fla. 457; 168 So. 654; Kennedy v. City of Daytona Beach, 132 Fla. 675, 182 So. 228; Phelps v. Dawson, 97 Fed. (2) 339, 19 R. C. L. Section 417, pages 1141-1142, Section 399, pages 1119-1120.

The judgment is affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.