**TOWN OF PALM BEACH,** a municipal corporation, v. **EDNA C. VLAHOS,** a widow.

15 So. (2nd) 839                          June Term, 1943
October 22, 1943                          Division A
Rehearing Denied December 14, 1943
Opinion Modified January 25, 1944 (See 15 So. (2nd) 848)

*E. Harris Drew,* for appellant.
*Edgar G. Hamilton, Earnest, Lewis & Smith, R. K. Lewis, Robert L. Earnest* and *Clyde G. Trammell,* for appellee.

CHAPMAN, J.:

On June 15, 1941, George Vlahos and Elmer Schultz, traveling by automobile, left West Palm Beach, Florida, on a fishing trip. Their intended destination was a fishing camp situated seven miles south of South Bay and a considerable distance from the town of Palm Beach. The automobile in which they were riding was owned by the town of Palm Beach and exclusively used by Elmer Schultz, when employed by the town as fire chief. Schultz was driving; they traveled south and intersected State Road No. 26 at Fort Lauderdale; thence in a northerly direction on Road No. 26 and at a point twenty-eight miles south of South Bay their automobile collided with a truck going in an opposite direction thereby resulting in the death of each occupant of the automobile.

Edna C. Vlahos, the widow of George Vlahos, sued the town of Palm Beach in the Circuit Court of Palm Beach County, Florida, for the negligent death of her husband which resulted in a verdict and judgment in her behalf in the sum of $15,000. This appeal is to review the judgment entered in the lower court.

The declaration, consisting of three counts, was drafted under the provisions of Section 320.59, Florida Statutes, 1941, commonly known as the guest statute. The issue as made ultimately went to a jury under the allegations of count three and a plea of not guilty although amended pleas 1, 2, 3 and 4 filed by the town specifically denied designated allegations of count three, simultaneously, were submitted:

Count three is viz:

"On or about the 15th day of June A.D. 1941 Elmer Schultz was operating an automobile in a northerly direction on a public highway known as State Road No. 26 at a point approximately 28 miles south of South Bay, Florida; that said automobile was then and there the property of the defendant and was then and there being operated by and with the knowledge and consent of the defendant; that at said time and place George Vlahos was then and there riding in said automobile as the guest of said Elmer Schultz; that said highway was a traveled highway; that it was at or about sunrise on said date; that the said Elmer Schultz was

then and there guilty of gross negligence and wilful and wanton misconduct in the operation of said automobile in this, to-wit; that said Elmer Schultz did then and there operate said automobile by driving on the left or wrong side of said highway while proceeding at a high and dangerous rate of speed, to-wit: in excess of fifty (50) miles per hour, and while so driving as aforesaid, met an approaching automobile which was being driven in a southerly direction upon said highway, and as a proximate result of the carelessness and negligence aforesaid, collided with said approaching automobile by reason whereof said George Vlahos was then and there fatally injured and killed; that plaintiff is the widow of George Vlahos who was foster father of her minor children, and plaintiff and her children have lost the support and maintenance of George Vlahos and she has been forced to expend large sums of money for the preparation and burial of his body."

Counsel for the town of Palm Beach in the lower court contended that count three of the declaration was fatally defective because: (1) it appeared that the accident occurred outside the corporate limits of the town; (2) the operation of the automobile by Schultz outside the corporate limits was an ultra vires act and for which there was no legal liability; (3) Schultz when operating the automobile outside the town limits was not engaged in any municipal duty; (4) it does not appear that Schultz was authorized to operate the automobile outside the town limits. The third count of the declaration by the lower court was sustained against the grounds, supra, of the demurrer. Pleas 2, 3, 4 and 5 of the defendant below, directed to count three of the declaration tendered issues substantially as raised by the several grounds of the demurrer, supra. The lower court sustained a demurrer to each of the pleas. These adverse rulings or orders may be disposed of here under one assignment.

The orders, supra, coupled with admitted fact appearing in the record, constitute the basis for the following questions which have been ably argued at the bar of this Court. They have been carefully and exhaustively briefed by counsel for the parties. It is the contention of counsel for the appellant

that a favorable answer by this Court to the propounded questions will be the determination of this controversy.

First. "In an action against a municipal corporation for tort, arising out of an automobile accident, is it essential that the declaration allege that such tort was committed by the officer or agent of the municipal corporation in the performance of some .duty or function conferred by law upon such municipality-or that the same occurred on the city streets?"

Second. "An automobile is furnished by a municipal corporation for the use of its Fire Chief. Such officer takes his guest on a fishing trip in such automobile. Enroute, and some 75 miles from the corporate boundaries, an accident occurs in which both parties are killed. Action is brought against the municipal corporation by the widow of the guest for wrongful death.

"Do pleas alleging that such automobile was being driven on a fishing trip, beyond the corporate limits, and NOT in the performance of any duty authorized by or imposed upon the municipal corporation, constitute a good defense?"

Section 8 of Article VIII of the Constitution of Florida grants to the Legislature the power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers and to alter or amend the same at any time. Any proper municipal power may be conferred by statute. See Pursley v. City of Ft. Myers, 87 Fla. 428, 100 So. 366. The Legislature has plenary power over municipalities except as restrained by the Constitution. See State ex rel. Johnson v. Johns, 92 Fla. 187, 109 So. 228.

It is admitted that the Town of Palm Beach had not by a duly enacted ordinance ever permitted or authorized its fire chief to use or operate the town's automobile beyond the corporate limits of the municipality or to use or operate the car for his personal pleasure on the fishing trip or to invite the deceased to become the fire chief's guest in the use and operation of the town's automobile on the fishing trip on June 15, 1941, which by them had been undertaken. The fire chief was not engaged in the performance of any duty incident to his employment when on the fishing trip.

Section 53 of Chapter 7683, Acts of 1917, Special Laws of Florida, being a part of the town's charter provides that the town council by ordinance may provide for the prevention and extinguishment of fires within the corporate limits of the town. It has power to organize, equip and maintain a fire department and provide suitable quarters therefor. This provision confers authority to buy, own and operate the automobile in question by the town as well as to employ the fire chief as a part of the fire department's organization. The fire department and its organization furnished by the town was to be employed for the prevention and extinguishment of fires within the corporate limits of the town.

Section 102 of Chapter 7683, supra, was amended by Chapter 9046, Special Acts of 1921, by enactment of Section 20 providing in part that the town of Palm Beach shall not be liable for personal injuries to property due to defective conditions of its streets, alleys, sidewalks, parks, bridges, docks or other thoroughfares or public places or for the malfeasance, misfeasance or nonfeasance of its officers, agents or employees.

In the case of City of Orlando v. John M. Pragg, 31 Fla. 111, 12 So. 368, a judgment against the city was entered for the destruction of enumerated natural curiosities by the officers, servants and agents of the city. This Court reversed the judgment entered for the plaintiff in the lower court and held that the plaintiff did not have a cause of action against the City of Orlando and in remanding the cause in part said:

"The law is well-settled that municipal corporations can be held liable for tortious acts only that are committed while in the exercise of some power conferred upon them by law. 'Where the act which produces the injury is outside of the powers conferred on the corporation, it can not be held in damages. A municipal corporation is liable in damages for a lawful and authorized act of its agents done in an unauthorized manner, but not for an unlawful or prohibited act.' "

"Municipal corporations under the conditions therein stated, fall within the operation of this rule of law, and are liable, accordingly, to civil actions for damages when the

requisite elements of liability coexist. To create such a liability, it is fundamentally necessary that the act done which is injurious to others must be within the scope of the corporate powers as prescribed by charter or positive enactment (the extent of which powers all persons are bound, at their peril, to know); in other words, it must not be ultra vires in the sense that it is not within the power or authority of the corporation to act in reference to it under any circumstances."

The rule in City of Orlando v. Pragg, supra, was reaffirmed by this Court in Scott v. City of Tampa, 62 Fla. 275, 55 So. 983, and in doing so further stated:

"The liability of municipalities for the torts of their agents is predicated upon the theory that the municipalities through their agents wrongfully perform or omit to exercise some authority or duty (not essentially governmental in its nature and involving primary discretion) that is imposed by law upon the municipalities; and if a tort that caused an injury was committed in doing something the municipality had no authority to do, the tort may be that of the persons committing it, but not of the municipality, and the doctrine of respondeat superior does not apply to render the municipality liable in damages for such tort."

In the recent case of City of Tampa v. Easton, 145 Fla. 188, 198 So. 753, the principle of law enunciated by this Court in the City of Orlando v. Pragg, supra, and Scott v. City of Tampa, supra, was again reaffirmed. See Brown v. Town of Eustis, 92 Fla. 931, 110 So. 873; Ballard v. City of Tampa, 124 Fla. 457, 168 So. 654; McCain v. Andrews and City of Jacksonville, 139 Fla. 391, 190 So. 616. In our recent case of Ide v. City of St. Cloud, 150 Fla. 806, 8 So. (2nd) 924, it affirmatively appeared that the city had the charter power to maintain the bathing beach outside the corporate limits of the City of St. Cloud.

It is a general rule of law that a municipal corporation is not civilly liable for damages suffered by individuals in person or property by the tortious acts which are wholly outside the powers conferred on the municipality by its charter or other legislative enactment and since a munici-

pality is without corporate power to confer on its officers and agents authority beyond and in excess of its charter power then the rule of non-liability is applied in tort actions committed by its officers and agents upon the theory that the act complained of is ultra vires. See Scott v. City of Tampa, supra. Fowle v. Alexandria, 3 Pet. 398, 7 L. Ed. 719; Posey v. Town of North Birmingham, 154 Ala. 511, 45 So. 663; City of Chicago v. Turner, 80 Ill. 419; Cavanaugh v. City of Boston, 139 Mass. 426, 1 N. E. 834; City of Radford v. Clark, 113·Va. 199, 73 S. E. 571; Berry v. City of Durham, 186 N. C. 411, 119 S. E. 748.

One of the stricken pleas of the defendant below was to the effect that the automobile of the town at the time of the collision was operated by the fire chief of the town for his personal use, and the pleasure of the deceased, on a fishing trip, and at the time was not engaged in the performance of any duty authorized or imposed by the town of Palm Beach. This was error. See 38 Am. Jur. paragraph 597, page 293-4 and authorities cited in the foot notes.

The order of the trial court dated January 18, 1943, which sustained a demurrer of the plaintiff to pleas 2, 3, 4 and 5 of the defendant filed December 8, 1942, and directed to the third count of plaintiff's declaration was erroneous. The pleas tender lawful issues and constitute a good defense to the third count of plaintiff's declaration.

The judgment appealed from is hereby reversed for further proceedings not inconsistent with the views herein expressed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.

ON PETITION FOR REHEARING

CHAPMAN, J.:

On Petition for Rehearing it is contended that the factual basis for described language employed in the original opinion is not sustained by the record or briefs filed in the case. The answer to this contention is the deductible inference obtained on an examination of the material allegations of Count three of the declaration; and stricken pleas two, three, four and five of the appellant. The charter power of the Town of

Palm Beach does not permit or authorize the use by one of its employees of one of its automobiles beyond the corporate limits of the town. Our study of the record fails to disclose the existence of such an ordinance adopted by the town. The maintenance of a bathing beach outside of the corporate limits of the City of St. Cloud was authorized by charter and alleged in the declaration. See Ide v. City of St. Cloud, 150 Fla. 806, 8 So. (2nd) 924.

We have given careful consideration to the several grounds of the petition for rehearing and hold that the petition should be and the same is hereby denied.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.