**CHARLTON v. CITY OF HIALEAH et al.**

No. 13260.

United States Court of Appeals
Fifth Circuit.

April 20, 1951.

Carl A. Hiaasen, Fort Lauderdale, Fla., for appellant.

John H. Wahl, Jr., Robert C. Lane, Miami, Fla., for appellee.

Before HOLMES, BORAH and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment dismissing a civil-rights action. The facts as stated in the pleadings are as follows:

On the evening of January 5, 1949, while the plaintiff Charlton, a citizen of Florida, was proceeding in a northeasterly direction on the Glenn H. Curtiss Parkway, in the municipality of Miami Springs, his car was struck by a car driven by defendant Faircloth, also a citizen of Florida. After the accident, which resulted in very little damage to either car, Faircloth persuaded Charlton to accompany him to the City of Hialeah, where the matter was reported to the police officers. On Faircloth's directions, the police officers arrested Charlton without a warrant, and thus prevented him from being able to proceed to his home with his wife and child. Charlton was not informed of the accusations against him, and was denied the right to inspect the municipal records, which were supposed to reflect any charges or accusations brought against him. He was informed by the police officers that Faircloth was a person whose word was honored and never doubted by them. He was compelled to disclose and disgorge the contents of his pockets and wallet. After finding out that the plaintiff had only $40 in cash

on his person, the police officers fixed his bail bond at $75, and because of his inability to post bond, he was incarcerated. On numerous instances the plaintiff tried to get the police officers to inspect the cars to see what damage had been done. When he tried to relate the true facts of the accident, the officers refused to hear him. He was forced to remain in jail until one of his co-employees of the National Airlines came and supplied the additional money necessary to make his bail. When bail was made, the plaintiff was released and ordered to reappear for trial on January 7, 1949. At the trial, the plaintiff succeeded in procuring a dismissal of whatever charges had been made against him.

The plaintiff brought this suit asking for $100,000 in damages for the deprivation of his constitutional rights by the defendants acting under color of an ordinance enacted by the City of Hialeah, for a declaratory judgment declaring his rights and the rights of other citizens similarly situated, and for an injunction to prevent further conspiracies on the part of the defendants to deprive the plaintiff, and others similarly situated, of their civil rights secured by the Constitution of the United States. In his complaint, the plaintiff alleged that at the time of this accident there was in existence an unholy alliance and conspiracy between the defendant Faircloth and the police officers of Hialeah to extract money from innocent motorists by subjecting them to unlawful arrests, and that the governing authorities of Hialeah knew of said conspiracy, and had the power to prevent or aid in preventing it, but refused to do so. The defendants filed a motion to dismiss the complaint on the grounds that it did not have a sufficient showing of federal jurisdiction, and that, even if it did, it should be dismissed for failure to state a cause of action. On May 2, 1950, the lower court entered a final judgment dismissing the action without specifically stating whether the dismissal was based on a lack of jurisdiction or failure to state a cause of action.

We find no error in the lower court's final judgment dismissing the complaint. The allegations of the complaint are that an unholy alliance and conspiracy existed between the defendant Faircloth and the police officers of the City of Hialeah to extract money from innocent motorists by subjecting them to unlawful arrests. The only allegation in the complaint connecting the City of Hialeah with the conspiracy is that part which states that the governing authorities of Hialeah knew of said conspiracy and had the power to prevent or aid in preventing it, but refused to do so. The complaint fails to name any individuals or officers of the municipality with whom the defendant Faircloth conspired. The reasonable deduction is that, since he conspired with no individual, he must have conspired with the municipality. It is easy to understand how officers exercising the authority delegated to a town or city might, in their individual capacity, be a party to a conspiracy; but a municipal corporation, which is limited by law to the purposes and objects of its creation, namely, the maintaining and exercising of the powers of local government, cannot in its sovereign or municipal capacity be a party to a conspiracy.

■ This action is not against the persons (police officers) alleged to have deprived the plaintiff of his rights and immunities. It is against the defendant Faircloth, not shown to be connected with the City in any way, and the City of Hialeah, a municipal corporation, acting in its capacity as a governmental subdivision of the State of Florida. Thus, the action is in effect one against the State itself through its governmental subdivision, the City of Hialeah. The Civil Rights statute, 8 U.S.C.A. § 43, has been held to extend only to cases where a "person" acting under color of a statute, ordinance, regulation, custom, or usage, of a state or territory, deprives a citizen or other person of a right, privilege, or immunity secured by the Constitution and laws of the United States. Under the laws of Florida, a municipality acting in its sovereign or governmental capacity is not liable for its

ordinary torts unless committed in violation of an express statutory duty. Brown v. Town of Eutis, 92 Fla. 931, 110 So. 873; Elrod v. City of Daytona Beach, 132 Fla. 24, 180 So. 378, 118 A.L.R. 1049; Kennedy v. City of Daytona Beach, 132 Fla. 675, 182 So. 228; Bradley v. City of Jacksonville, 156 Fla. 493, 23 So.2d 626. There is no allegation here that the City of Hialeah was not acting in its sovereign or governmental capacity. Therefore, under the laws of Florida, the defendant City of Hialeah could not be liable in tort under the allegations of the complaint.

We are unable to find any indication that the civil-rights statute was intended by Congress to create such a liability on the part of the municipality itself, as distinguished from the "person" who committed the acts which deprived the plaintiff of his civil rights. It was not intended by the 14th Amendment and the civil-rights statute that all matters formerly within the exclusive cognizance of the states should become matters of national concern. A construction such as that sought by the appellant would find a violation of federal rights in every departure from local or state law by local or state officers. Every illegal discrimination by a policeman on the beat would be state action for the purpose of suit in a federal court. See Snowden v. Hughes, 321 U.S. 1, at pages 11, 16, 64 S.Ct. 397, 88 L.Ed. 497.

Despite the unlawfulness of the treatment Charlton received at the hands of Faircloth and the local police officers in the City of Hialeah, we find ourselves unable to afford him any relief. His relief is against these individuals in the state courts of Florida.

The complaint failed to state a cause of action within the jurisdiction of the federal courts, and, since the dismissal below was with prejudice, the judgment is modified so as to be without prejudice except on the ground of lack of federal jurisdiction. As so modified, the judgment is affirmed.

Affirmed.