**HEWITT v. CITY OF JACKSONVILLE.**

No. 13398.

United States Court of Appeals
Fifth Circuit.

April 20, 1951.

Carlton L. Welch, Will O. Murrell and Will O. Murrell, Jr., all of Jacksonville, Fla., for appellant.

Inman P. Crutchfield, William M. Madison, Jacksonville, Fla., for appellee.

Before HOLMES, McCORD and BOR-AH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from the dismissal of an original complaint alleging a violation of appellant's civil rights, and from the refusal of the lower court to allow the filing of an amended complaint on the ground that the amended complaint failed to state a cause of action upon which relief could be granted. The amended complaint founded jurisdiction on 8 U.S.C.A. § 43, which affords redress to the injured party for violations of his civil rights. In substance, the amended complaint alleged that the City of Jacksonville, acting through the Superintendent of its Prison Farms, and under color of law, regulations, ordinances, and customs of the City, and while the plaintiff was a prisoner confined at its Prison Farms, "did unlawfully and wilfully shoot off and discharge a pistol against, into, and upon the plaintiff," and that such act constituted a deprivation of the plaintiff's civil rights, for which an action is authorized under 8 U.S.C.A. § 43. The Superintendent of the Prison Farms is not made a party to this suit. The appellant stakes his entire case on his claim against the City of Jacksonville.

■ The lower court, in refusing to allow the amended complaint to be filed, held that the word "persons" used in the Civil Rights statute, 8 U.S.C.A. § 43, does not include a State or its governmental subdivisions acting in their sovereign, as distinguished from their proprietary, capacity. It further held that the appellant's assertion that he was shot by the Superintendent of the Prison Farms did not constitute a sufficient allegation of fact to charge a deprivation of civil rights within the meaning of the statute.

We are in accord with the views expressed by the lower court; and, on the authority of Charlton v. City of Hialeah, 188 F.2d 421, this day decided by this court, the judgment appealed from is affirmed.

Affirmed.