THOMAS, Justice.
Under the provisions of Sec. 8, Art. VIII, of the Constitution of Florida, F. S.A., the legislature has the power to establish municipalities and prescribe their powers. This plenary power is subject only to restrictions specified in the Constitution. Town of Palm Beach v. Vlahos, 153 Fla. 781, 15 So.2d 839.
When the legislature created the City of Lake Worth by the enactment of Chapter 25962, Laws of Florida, Special Acts of 1949, the city was empowered in that charter to construct and operate utility plants for the distribution of water and electricity to its inhabitants, impliedly, and to make necessary extensions of the systems.
Inasmuch as the preliminary steps taken by the city commission up to the time of the passage of the ordinance authorizing the proposed improvement of the water and electric systems and providing for the payment of the cost from revenue are not challenged, we will confine our discussion to events occurring afterward.
This litigation had its inception when suit was filed seeking a decree validating the revenue certificates. The state attorney and certain intervenors opposed the effort to secure confirmation of the certificates and after full hearing the circuit judge ruled in their favor by dismissing the city’s petition. In the decree the judge observed that the power of the city to make the improvements was not in doubt, and that is conceded here. The “sole question,” he commented, for determination in this litigation was whether or not the ordinance providing for the issue of the certificates was dependent for validity upon compliance with specific provisions of the charter pertaining to referendums, and this is the pivotal point presented to us in the arguments and briefs of counsel.
We must decide then whether or not the ordinance, though justified by charter provisions and enacted to accomplish a lawful purpose, was, nonetheless, ineffectual for the reason that the plan was not submitted to the electorate and approved by them at the polls.
*435 This brings us to a consideration of Sec. 6 of Chapter 2S962, supra, which contains the provisions for referendums. There it is found that the people of Lake Worth were granted the prerogative of accepting or rejecting at the polls any measure passed by the city commission. It is specified in the charter that such an election may be effectuated by filing within 10 days after passage of the “measure,” a petition signed by 10 per cent of the registered voters requesting that such an election be held.
The approach to the basic problem involved is further simplified by the stipulation of counsel for the parties litigant that all prerequisites to a referendum with reference to an election were fulfilled.
The election was not held because, says the appellant, the ordinance under consideration was not the sort of “measure” it' was intended could be required to be submitted to the voters inasmuch as it was “administrative,” in contradistinction to “legislative,” in character.
It is insisted on behalf of appellant that the decision of the circuit judge should be reversed on authority of our opinion in State v. City of St. Petersburg, Fla., 61 So.2d 416, in which it was held, so appellant contends, that charter requirements for referendums in respect of ordinances do not apply to actions of a city commission relating “solely to the business management and regulation of revenue derived from a municipally owned utility,” to quote from appellant’s brief.
We go willingly with appellant to the case for the rule but we come away with the conclusion that dissimilarity between the factual situation with which the court then dealt and the one with which the court now deals precludes our accepting the case as support for a decision in appellant’s favor.
The court said in that case that passage of an ordinance simply regulating charges for sewage disposal was the exercise of an executive or administrative function which the city could not be required to submit in a referendum election.
The rule then announced, by which the facts were gauged, was that measures relating to subjects “of permanent and general character are * * * legislative” [61 So.2d 419] while those affecting matters “of temporary and special character” are administrative. In the former an election may be required; in the latter not.
We see a vast difference between an ordinance dealing with service charges, which from their very nature may fluctuate frequently according to the needs of the city and the demands of the citizens, and an ordinance by which the city will make an extensive improvement of its utility plant and incur an indebtedness of $2,100,000 to be amortized over a period of 29 years.
The range and nature of the investment, and the size and duration of the debt, in our opinion, stamp the object of the ordinance as permanent, even though not eternal, and not one that could be categorized as special, temporary or impermanent. We conclude that the undertaking is much more accurately described by the adjectives “general” and “permanent” than by the antonyms “special” and “temporary.”
So we adhere to the pronouncement in State v. City of St. Petersburg, supra, and decline to disturb the ruling of the circuit judge.
Affirmed.
TERRELL, C. J., and HOBSON and ROBERTS, JJ., concur.
DREW and THORNAL, JJ., dissent.
O’CONNELL, J., not participating,