Milton **HENKE**, an individual and dba Yellow Cab Company of Pacifica, Daher Farraj, Lou Vance, Naji Spour, Wallace Weible, Ghazi Farraj, Orabe Farraj, Charles Evans, Milton Henke, Jr., Elvin Walker, Jr., Plaintiffs,

v.

**YELLOW CAB COMPANY**, a Nevada Corporation, aka Yellow Cab Company of San Francisco, et al., Defendants.

Civ. No. 70–601.

United States District Court,
N. D. California.

Nov. 9, 1970.

Young & Gush by Charles S. Gush, Jr., San Mateo, Cal., for plaintiffs.

Chickering & Gregory by William L. Ferdon and David R. Pigott, San Francisco, Cal., for Yellow Cab Company and Louis Gregory Farkas.

Thomas M. O'Connor, City Atty., and Paul J. DiNoia, Deputy City Atty., San Francisco, Cal., Owen, Melbye & Rohlff, Redwood City, Cal., for City and County of San Francisco.

*Order Granting Motions of Certain Defendants for Summary Judgment*

GERALD S. LEVIN, District Judge.

This action arises from a Complaint filed herein on March 20, 1970, requesting damages for an alleged violation of plaintiffs' civil rights pursuant to 28 U. S.C. § 1343 and 42 U.S.C. § 1983. Plaintiff Milton Henke is the sole pro-

prietor of Yellow Cab Company of Pacifica, and the other named plaintiffs are individuals in the employ of Henke and Yellow Cab Company of Pacifica. The named individual defendants Kreiss and Farkas are employees of defendant Yellow Cab Company and security police Caldwell, Franklin, Bomben, Gordon, Sampsen, Sims, Rockett, Edwards, Foster, Babbin, Angelopoulos, Murray and Fegan are deputized by the Sheriff of San Mateo to help patrol the San Francisco Airport.

The gist of plaintiffs' Complaint is their inability to engage in a taxicab business to and from San Francisco International Airport because of an exclusive franchise arrangement for such services between the City and County of San Francisco [hereinafter "San Francisco"] and defendant Yellow Cab Company and forcible prevention on the part of defendants. Plaintiffs allege that defendants have conspired to deprive them of their right of freedom "to contract, equal protection of the laws and of their liberty, without due process." The conspiracy is alleged to consist of the defendants' actions to unlawfully deprive plaintiffs from conducting a taxicab business in San Mateo County. The overt acts alleged to be in furtherance of such conspiracy include arrests of certain plaintiffs for assault, which charges were later dismissed; the destruction of tires on plaintiffs' taxicabs by Doe defendants; a taxicab collision "maliciously" caused by defendants; "false" traffic tickets issued by defendant security officers; and libel and slander upon plaintiffs.

■ Defendants Yellow Cab Company, its employee Farkas, and defendant San Francisco now move to dismiss the action herein, or in the alternative for summary judgment,[1] for failure to state a claim upon which relief can be granted. The positions of each of the defendants will be discussed separately below.

## I. *Defendant San Francisco*

■ Defendant San Francisco argues persuasively that the facts fail to show a conspiracy or any unlawful act in furtherance thereof. The exclusive franchise arrangement under attack consists of a written agreement between San Francisco and defendant Yellow Cab Company for which San Francisco receives consideration depending on the volume of business done by defendant Yellow Cab Company under its exclusive right to operate a taxicab business to and from San Francisco International Airport. San Francisco holds title to the San Francisco International Airport property, hence plaintiffs' allegations that they are being denied the right to operate their taxicabs on public land [i. e., San Mateo County] is misleading.

Plaintiffs offer no support for their claim that the exclusive franchise is unlawful and this court sees no reason why it should be so regarded. On the contrary, under similar circumstances the Supreme Court of California upheld an exclusive limousine franchise issued by the city of Oakland to serve its Oakland Airport. City of Oakland v. Burns, 46 Cal.2d 401, 296 P.2d 333 (1956).

■ The alleged "malicious" collision will also not serve as the basis for a finding of conspiracy since the fact or intent of the collision is inconclusive, and in fact defendant Yellow Cab Company is now pursuing a state court negligence action thereon.

■ The alleged destruction of the tires on plaintiffs' taxicabs by Doe defendants is also an inadequate basis for finding a conspiracy since such allegations will not impugn San Francisco in the face of the rulings made time and again by the Ninth Circuit Court of Appeals that such Doe pleading is imper-

---

1. Pursuant to Rule 12(b), Federal Rules of Civil Procedure, this court is treating the present motions as being for summary judgment rather than dismissal since matters outside the pleadings have been presented and considered.

missible and adds nothing to a plaintiff's complaint. *See,* e. g., Gillibeau v. City of Richmond, 417 F.2d 426, 428 n. 2 (9th Cir. 1969).

Finally, there is nothing to indicate that the arrests and other police actions complained of were in any way unlawful, made in bad faith, or made pursuant to a conspiracy to violate any of plaintiffs' civil rights.

The libel and slander allegations made by plaintiffs will not substantiate the claim of conspiracy since the facts surrounding same have not been pleaded with the specificity required for actions brought under 42 U.S.C. § 1983.

 The above discussion, we believe, conclusively establishes that plaintiffs' action should be dismissed as against San Francisco. Wholly apart from the merits of plaintiffs' case, however, there exists a second and equally strong reason for such dismissal: San Francisco's immunity from suit under 42 U.S.C. § 1983.

The case law is unanimous to the effect that municipalities, such as San Francisco, are not "persons" within the meaning of 42 U.S.C. § 1983 and hence not suable thereunder. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960); Brown v. Town of Caliente, 392 F.2d 546 (9th Cir. 1968). Plaintiffs have tendered an argument that a distinction must be made between municipalities in their sovereign or governmental capacity and those acting in a proprietary capacity for purposes of suit under 42 U.S.C. § 1983. No authority has been brought to the court's attention to support this argument and the court

knows of none, nor does the court regard this argument as having any merit.[2]

### II. *Defendants Yellow Cab Company and Farkas*

The same reasons which dictate dismissal of plaintiffs' Complaint against defendant San Francisco because of its substantive failure to state a claim upon which relief can be granted apply with equal force to defendants Yellow Cab Company and its employee, Farkas.

Accordingly, the motions of defendants San Francisco, Yellow Cab Company, and Louis Farkas for dismissal, treated as motions for summary judgment as to them, are hereby granted. It is so ordered.

---

2. Dictum drawn from two Fifth Circuit Court of Appeals cases might support the inference that a city acting in its proprietary rather than sovereign capacity might be liable under the Civil Rights Act. See Hewitt v. City of Jacksonville, 188 F.2d 423, 424 (5th Cir. 1951), cert. den., 342 U.S. 835, 72 S.Ct. 58, 96 L.Ed. 631 (1951); Charlton v. City of Hialeah, 188 F.2d 421, 423 (5th Cir. 1951). Both of these cases involved questions of municipal liability under applicable Florida tort law, and in neither was it found that the defendant had been alleged to be or was in fact acting in a proprietary capacity. No other cases have made the proprietary-sovereign distinction in this area, and even the cases which cite the above two for support do so only insofar as they are held to stand for the proposition that municipalities are immune from suit under the Civil Rights Act.