Dear Mr. Wynn:
As legal representative for the Town of Cypress, you have asked for my opinion on substantially the following question:
What steps must be taken to reestablish an incorporated municipality that has been inactive for a number of years?
According to the information you have submitted, a group of citizens from the Town of Cypress is interested in reestablishing the town and electing officials. The Town of Cypress was incorporated in 1903 and the incorporation of the town was validated in 1907.[1] You advise that there is no evidence of the dissolution of the town. Rather, it appears that, upon the death of the town's original mayor, the town council discontinued meeting and the town government ceased functioning. On behalf of the citizens of the Town of Cypress, you ask what steps should be taken to reestablish the town government.
It is clear that it was the Legislature that created the Town of Cypress for the purposes originally set out in Chapter 5798, Laws of Florida 1907. Once a municipality has been lawfully established, it will retain its character until changed in some manner authorized by law. Because municipalities are created by legislative act, the sole method of termination of their legal status is by legislative act or in a manner authorized by legislative act.[2]
This rule has been applied by courts considering the status of municipal corporations that have remained dormant for extended periods of time. Thus, in 1965, the Florida Supreme Court held inTreadwell v. Town of Oak Hill[3] that the Town of Oak Hill was a "valid, subsisting municipality," notwithstanding the fact that the last meeting of the town commissioners had been held on July 2, 1930. The court ruled that only the Legislature had the authority to abolish municipalities and that "[a] non-user of municipal powers does not result in dissolution."[4] A legislative enactment may be repealed only by further legislation and not by time, changed conditions or nonuse, and may not be considered repealed or inoperative on the basis that there is no longer any necessity for the statute.[5]
Article VIII, section 2(a), Florida Constitution, provides:
 "Municipalities may be established or abolished and their charters amended pursuant to general or special law. When any municipality is abolished, provision shall be made for the protection of its creditors."
Cases construing Article VIII, section 8 of the 1885 Florida Constitution, from which the foregoing section was derived in substantially similar form, have recognized that the Legislature's power to establish and abolish municipalities is plenary and is subject only to restrictions specified in the Constitution.[6]
I have found no special law abolishing the Town of Cypress, nor does it appear that the town has ever surrendered its franchise or otherwise been dissolved pursuant to the general-law methods of municipal dissolution.[7]
The Florida case that is closest factually to your situation isTreadwell v. Town of Oak Hill.[8] The Town of Oak Hill was created by the Florida Legislature in 1925 and although the charter was never nullified or abolished by the Legislature, the town government ceased to function in 1930. As the Florida Supreme Court noted, none of the elected officials of the town were still alive at the time the action was brought in 1965, and under the provisions of the charter only those officials were authorized to call an election for the purpose of filling vacancies. Similarly, it appears that the charter for the Town of Cypress was last amended in 1927 and that municipal government of the town ceased to function not long thereafter.[9] There are no municipal officers alive and functioning who can call for an election to fill vacancies. Thus, as the Court determined inTreadwell, it appears that the circuit court, exercising its equity jurisdiction, must call an election for the purpose of reactivating the dormant municipality.[10] Upon their election, the officers of the Town of Cypress may begin the work of reorganizing the municipality.
Therefore, in response to your question, it is my opinion that the Town of Cypress currently exists even though it has not been active for a number of years. In order to elect town officers who can begin the task of reorganizing the town government, the circuit court must order that an election be held.
Sincerely,
 Charlie Crist Attorney General
CC/tgh
[1] See Ch. 5798, Laws of Florida 1907.
[2] See e.g., s. 165.051, Fla. Stat., prescribing dissolution procedures for a municipality.
[3] 175 So. 2d 777, 778 (Fla. 1965).
[4] Accord, Brown v. City of Marietta, 142 S.E.2d 235 (Ga. 1965), holding that a municipal charter had not expired or been forfeited although it had not been activated for 79 years and no city officials had ever been appointed or elected; 62 C.J.S.Municipal Corporations, s. 103, p. 230, stating that a municipal corporation does not ordinarily become dissolved or disincorporated or lose its existence by nonuser of its corporate powers, functions, and franchises; 1-2 Antieau on LocalGovernment Law (2nd ed.) s. 2.05; Op. Att'y Gen. Fla. 76-96 (1976).
[5] See State v. Egan, 287 So.2d 1 (Fla. 1973); cf. VolusiaCounty v. State, 125 So. 375, 380 (Fla. 1929). Ops. Att'y Gen. Fla. 76-236 (1976); 90-100 (1990).
[6] See City of Lake Worth v. State of Florida,111 So. 2d 433 (Fla. 1959); City of Auburndale v. Adams Packing Ass'n,171 So. 2d 161 (Fla. 1965); Smith v. Treadwell, 161 So. 2d 49 (Fla. 1st DCA 1964).
[7] See ss. 165.051-165.071, Fla. Stat.
[8] Id.
[9] See Ch. 12642, Laws of Florida 1927, amending the town charter to abolish the elective offices of city marshal and city clerk of the City of Cypress and to make those offices appointive.
[10] See Treadwell, supra, n. 3, at 779. See generally,
McQuillan, 2A Law of Municipal Corporations (3rd ed.) s. 8.13, p. 126; Art. V, s. 20(c)(3), Fla. Const., "Circuit courts shall have jurisdiction . . . in all cases in equity. . . ."