SUE BYRON, Appellant, *v.* ST. GEORGE SWIMMING CLUB, INC., et al., Respondents.

506

Argued June 13, 1940; decided July 24, 1940.

*Abraham I. Nelson* for appellant. The trial court improperly excluded evidence. Plaintiff is entitled to every reasonable inference that may be warranted by the testimony, in view of the fact that this dismissal was at the end of plaintiff's case. (*Colburn* v. *Chicago, St. P., M. & O. Ry. Co.*, 109 Wis. 377.) Plaintiff established the negligence of both defendants. (*Schubart* v. *Hotel Astor, Inc.*, 168 Misc. Rep. 431; 281 N. Y. 597; *Allon* v. *Park Central Hotel Co.*, 272 N. Y. 631; *Tantillo* v. *Goldstein Bros. Amusement Co.*, 248 N. Y. 286; *Esposito* v. *St. George Swimming Club, Inc.*, 143 Misc. Rep. 15.) Plaintiff was free from contributory negligence. (*Larson* v. *Nassau Electric R. R. Co.*, 223 N. Y. 14; *Reinzi* v. *Tilyou*, 252 N. Y. 97; *Murphy* v. *Steeplechase Amusement Co.*, 250 N. Y. 479; *Kettle* v. *Turl*, 162 N. Y. 255.) The doctrine of assumption of risk does not bar the plaintiff from a recovery because the risk of the presence of the swimmer

underneath the water in the diving area was one not contemplated by divers using the diving boards and without their knowledge and was not included in the obvious risks intended by the sign "diving at your own risk." (*Allon* v. *Park Central Hotel Co.*, 272 N. Y. 631; *Bensen* v. *Kristeller*, 277 N. Y. 561.)

*B. G. Barton* for St. George Swimming Club, Inc., respondent. Plaintiff failed to prove negligence on the part of the swimming club. (*Reinzi* v. *Tilyou*, 252 N. Y. 97.) Plaintiff assumed the risks attendant upon diving. (*Murphy* v. *Steeplechase Amusement Co.*, 250 N. Y. 479; *Dillon* v. *National Coal Tar Co.*, 181 N. Y. 215; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Lobsenz* v. *Rubinstein*, 258 App. Div. 164; *Shields* v. *Van Kelton Amusement Corp.*, 228 N. Y. 396; *Griffin* v. *State of New York*, 250 App. Div. 244; *Weller* v. *Consolidated Gas Co.*, 198 N. Y. 98; *Anderson* v. *Erie R. R. Co.*, 223 N. Y. 277; *Northern Pacific Ry. Co.* v. *Adams*, 192 U. S. 440; *Wilder* v. *Pennsylvania R. R. Co.*, 245 N. Y. 36; *Murphy* v. *Steeplechase Amusement Co.*, 250 N. Y. 479.) Plaintiff failed to prove freedom from contributory negligence. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Whalen* v. *Citizens' Gas Light Co.*, 151 N. Y. 70.)

*Per Curiam.* The accident happened when plaintiff, a paying customer of the defendant swimming club, dove into a part of the pool especially maintained by the defendant for diving, without knowledge of the presence of a swimmer underneath the surface of the water. At the end of the dive she struck her head upon the swimmer and received the injuries of which she complains. Evidence that the swimmer was in that part of the pool reserved for divers with the consent of defendant's lifeguard and admissions of defendant made upon examination before trial that the uniform custom and practice of the defendant in the maintenance of the pool and the protection of its diving patrons were to maintain two guards to keep that part of the pool free from swimmers when patrons were

508

diving were erroneously excluded. The complaint was dismissed at the close of plaintiff's case. The evidence together with inferences to be reasonably drawn therefrom was sufficient to take the case to the jury upon the question of the negligence of both defendants and of freedom from contributory negligence on the part of the plaintiff. (*Bensen* v. *Kristeller*, 277 N. Y. 561.) The risk of injury from diving under the conditions obtaining at the place and time of the accident was not, as matter of law, assumed by the plaintiff. (*Allon* v. *Park Central Hotel Co.*, 272 N. Y. 631.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., dissents.

Judgment reversed, etc.