**VIOLET VAN NATTA IDE, a widow, v. CITY OF ST. CLOUD, a municipal corporation.**

8 So. (2nd) 924            En Banc
June 2, 1942        Rehearing Denied July 7, 1942

G. P. Garrett and Lawrence Rogers, for appellant.

Jay Johnston, O. Preston Johnson and O. S. Thacker, for appellee.

ADAMS, J.:

Final judgment is before us for review on writ of error. The lower court held plaintiff's declaration insufficient and entered judgment for defendant.

The substance of the declaration was that defendant maintained a bathing beach outside the city limits; that for some time the city had knowingly allowed a deep hole out in the lake to remain hidden and unguarded; that the city had invited the general public on the premises and plaintiff's husband and minor son entered in response to the invitation and were drowned by reason of the city's negligence aforesaid.

The city has charter power to maintain parks outside the city. Chapter 14377, Special Acts of 1929. It

was the opinion of the lower court that this power could be exercised only on land acquired by the city as detailed in its charter. We think this interpretation was error.

If the city had charter power to maintain a park outside the corporate limits, then the city is answerable for a tort committed while exercising the corporate franchise even though it has no title to the property where the park is located. For the purpose of determining the city's liability in tort in maintaining the park the ownership of the land where the park is located is immaterial. Augustine v. Town of Brant, 249 N. Y. 198, 163 N. E. 732. It is the use of the premises rather than title which is material in determining liability. McKinney v. Adams, 68 Fla. 208, 66 So. 988. When a city accepts a charter power and under color of such power attempts to render a service to the public it necessarily assumes an obligation to exercise reasonable care for the safety of such public.

The authorities are divided, however we think the better view is that where a city, pursuant to charter power, performs a local function for its people it is held to the same degree of care as private persons. Stevens, et ux., v. City of Pittsburg, 129 Pa. Super. 5, 194 Atl. 563. This has been the tendency of this Court. Skinner v. City of Eustis, 147 Fla. 22, 2 So. (2nd) 116; McQuillin Municipal Corporations, 2 Ed. The authority to maintain a park carries with it authority to maintain a bathing beach. Thayer, et al., v. City of St. Joseph, 227 Mo. App. 623, 54 S. W. (2nd) 442. Those who maintain the latter are under a duty to exercise due care for the safety of those invited there. McKinney v. Adams, supra. It is true there

was a statutory liability in the McKinney case; nevertheless, the court recognized the common law liability.

For the reasons stated the judgment is reversed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and CHAPMAN, JJ., concur.

THOMAS, J., dissents.