# Richmond

## Virginia Stage Lines, Incorporated, etc. v. Franklin Monroe Spencer, by His Next Friend, John Abram Spencer.

January 14, 1946.

Record No. 2990.

Present, All the Justices.

The opinion states the case.

*R. Paul Sanford*, for the plaintiff in error.

*W. R. Broaddus, Jr.*, and *W. M. Mitchell*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Franklin Monroe Spencer, a three and one-half year old child, while walking near the highway in the town of North Bassett, in Henry county, was run over by a bus of the Virginia Stage Lines, Incorporated, which was being backed off of the highway into an adjacent service station. The injured child has recovered a verdict and judgment against the owner and operator of the bus which are before us for review. For convenience, we shall refer to the parties as they appeared in the court below.

At the scene of the accident the 30-foot State Highway runs approximately north and south through the town. The central portion of the roadway is paved to a width of 18 feet, and slopes off on either side to a 6-foot dirt shoulder, beyond which is a shallow drain.

The Riverside Drive Service Station abuts 90.1 feet on the eastern side of the highway, and the front of its main brick building is set back approximately 23 feet from the eastern line of the State right of way. The entire surface from the front of the building across the shallow drain and out to the paved portion of the roadway is covered with concrete. Two gasoline pumps are located in this paved area. At the southern end of the service station is a "washroom" for washing cars, towards which the bus was being backed at the time of the accident.

Immediately north of the property of the service station is Spencer's Cafe, which is set back 11 feet from the State right of way. The main entrance to the cafe is from the dirt shoulder between the building and the paved portion of the highway.

North of the cafe are a number of other business establishments, likewise fronting along the eastern side of the highway. Except for the concrete area in front of the service station, there is no paved sidewalk in front of any of these buildings. The undisputed testimony is that pedestrians, passing along the eastern side of the highway and in front of these buildings, regularly use the paved surface in front of the service station as a sidewalk.

The Virginia Stage Lines, Incorporated, operates a regular bus schedule between Martinsville and Bassett. It makes six trips a day and leases the "washroom" in the Riverside Drive Service Station as its terminal.

On Sunday, October 3, 1943, at approximately 4:40 p. m., a bus from Martinsville arrived at the service station. It was headed north and stopped just south of the cafe. Its left wheels were on the paved portion of the highway and its right wheels and body occupied the entire width of the eastern shoulder. After discharging its passengers the driver of the bus put the motor in reverse gear and backed the bus southwardly along the edge of the highway. Before reaching a point opposite the entrance to the "washroom", he turned the steering wheel so as to direct the rear end of the bus diagonally across the paved area in front of the service station and towards the entrance to the "washroom."

It developed that just before this operation was commenced, the Spencer child, accompanied by his eleven year old brother and nine year old sister, came out of the cafe and walked southwardly across the paved area in front of the service station. It was their purpose to go alongside and beyond the parked bus, thence around its rear to the highway, and on to their home, which was a short distance south of the service station. Before they had completed their trip along the 90-foot concrete surface in front of the service station, the bus had commenced to move backwards. Although the vehicle was being backed slowly, and although the driver was looking over his right shoulder towards the "washroom", he did not observe the children. In fact, due to the construction of the bus, it was physically impossible for him to have seen, from the driver's seat, even a grown person who might have been standing behind the vehicle. There was no one outside of the bus acting as a lookout for passing pedestrians, nor did the driver sound the horn.

The two older children passed safely around the rear of the moving bus. Unfortunately, Franklin, the youngest child, who was following behind his companions, slipped on a grease spot on the pavement in front of the service station,

rolled "about a step" towards the drain, and into the path of the left rear dual wheel of the bus. Their screams were the first intimation the bus driver had of the presence of the children. He immediately stopped the vehicle and allowed it to drift forward so that the wheel cleared the body of the child.

According to the plaintiff's witnesses, when picked up, the child was lying with his head in the shallow drain and his feet towards the service station. The rear of the bus was then pointed diagonally across the drain towards the "washroom" entrance.

The main contention of the defendant is that in walking across the concrete area in front of the service station, the child was either a trespasser or a bare licensee on that portion of the property which the owner of the bus had leased from the owner of the service station, and that in this situation the defendant was under no duty to be on the lookout for him and to warn him of the approach of the vehicle. There are two answers to this argument:

In the first place, the uncontradicted evidence is that at the time the children came out of the cafe, the bus was parked in such a manner as to block completely the eastern shoulder of the highway along which they might have gone. Having, in this manner, forced the children off of the highway, where they had the right to be, it does not lie in the mouth of the defendant to say that they were unlawfully upon its property. Under these circumstances they were the defendant's implied invitees, to whom it owed ordinary care. *Knight* v. *Moore*, 179 Va. 139, 145, 18 S. E. (2d) 266, 269.

In the next place, the uncontradicted evidence is that pedestrians passing this way generally used the paved area in front of the service station as a sidewalk. This the driver of the bus knew, or ought to have known, because his own testimony is that he had been operating on this route for more than two months, during which time he had made six trips a day. Therefore, even if it be conceded that the children, in adopting this route, were bare licensees, while

the defendant owed them no duty of prevision, nevertheless it did owe them the duty to exercise ordinary care, with the facilities at hand, to discover and to avoid injuring them. *Norfolk Southern Ry. Co. v. Wood*, 182 Va. 30, 36, 28 S. E. (2d) 15, 18; *Pettyjohn & Sons v. Basham*, 126 Va. 72, 78, 100 S. E. 813, 38 A. L. R. 391.

In our opinion there was ample evidence of the driver's negligence. The maneuver undertaken by him was in itself dangerous. As has already been noted, from his seat, due to the construction of the vehicle, it was impossible for him to have seen a person in the rear of the bus. And yet he undertook to back this vehicle, according to the plaintiff's witnesses, a distance of more than 50 feet down the highway and diagonally across the pathway which he knew, or ought to have known, was frequented by pedestrians. He failed to sound his horn and he failed even to see these three small children who came out of the cafe within a few feet of the front of the bus and walked in plain view along the side of the vehicle.

This court has many times said, in varying language, that the driver of an automobile must increase his exertions so as to avoid injuring a child whom he sees, or by the exercise of reasonable care should see, on or near the road. *Wash v. Holland*, 166 Va. 45, 53, 183 S. E. 236, 240, and cases there cited.

The record before us shows that the jury visited the scene, where, with consent of both sides, they were given a demonstration by the eyewitnesses of the manner in which the accident occurred. By their verdict they have said that the driver did not perform the duty incumbent upon him. We cannot say that finding is wrong. Indeed, we are of opinion that it was plainly right.

It is next contended that the trial court erred in giving certain instructions with respect to the duty of the bus driver in operating his vehicle "on the highway." These instructions, it is said, are inapplicable because this accident did not happen on the highway. We cannot agree with this contention. As has already been said, the bus was operated

for a considerable distance along the highway, and even at the time the child was struck the front wheels were still on the roadway.

On the whole we are of opinion that the jury were fully and fairly instructed on the issues of the case and that the verdict rendered was amply supported by the evidence. Accordingly, the judgment is

*Affirmed.*