59 So.2d 869 (1952)
ANDREWS
v.
NARBER.
Supreme Court of Florida, Special Division B.
July 18, 1952.
Butt and Akridge, Cocoa, for appellant.
J. Thomas Gurney, Orlando, for appellee.
MATHEWS, Justice.
This is an appeal from a final judgment on the pleadings in a personal injury action.
After the original complaint was dismissed with leave to amend, an amended complaint was filed. The plaintiff below, appellant here, alleged that the defendant below, appellee here, maintained and operated certain premises consisting of a hotel, swimming pool, bar or cocktail lounge, and other facilities for public patronage; that she had a standing invitation from the defendant to use the premises, swimming pool and all other facilities at any time; that as a guest and invitee of the defendant, she entered upon the premises for the purpose of using the swimming pool; that it was the duty of the defendant to maintain the premises, swimming pool and the walkway adjacent to the pool in a safe condition for guests and invitees; that the defendant failed to perform his duty but carelessly and negligently permitted water from an open spigot to flow through a garden hose and collect and puddle upon the cement walkway adjacent to and near the pool, same being provided for nonbathing guests and invitees as well as bathers, as a consequence of which the walkway became slick, slippery and unsafe; that as she approached the walkway from the East and facing in a Westerly direction the sun was bright and blinding and her vision was momentarily obscured and she was unable to observe the unexpected water standing upon said walkway; as a result of all of this, she slipped and fell and received an injury for which she claimed damages. She further alleged that the water on the walkway was not obvious except on close examination and that she was unaware of its dangerous and unsafe condition; that the defendant knowingly permitted the water to flow upon and accummulate on the walkway for several hours and that he knew, or should have known, of the water collected upon the walkway and of the unsafe and dangerous condition of the walkway.
The defendant in his answer moved to dismiss the complaint on the grounds that it failed to state a cause of action and that the plaintiff was guilty of contributory negligence in that she failed to exercise due care for her own safety.
In due course the Circuit Judge granted the motion to dismiss the amended complaint and the plaintiff having announced that she did not care to amend further, final judgment was entered.
*870 The appellant here insists that water puddling upon a concrete walkway adjacent to a swimming pool, made the walkway dangerous and that it was negligence on the part of the owner to permit water to remain upon such concrete walkway adjacent to said swimming pool for several hours.
The owner of the premises, which included the bath house, hotel, cocktail lounge and concrete walk adjacent to the bath house, is not an insurer of the safety of his patrons or invitees. See 52 Am.Jur., p. 315, Sec. 71 of the article on Theaters, Shows, Exhibitions, Etc. In this article on page 316, it is stated:
"The owner or proprietor of a bathing resort is not liable for injury to a patron due to the slippery condition of the floor necessarily incidental to the use of the place for swimming or bathing purposes."
There is a splendid annotation on this subject in 118 A.L.R. 432. It is a matter of common knowledge which should be known to every intelligent person that walks adjacent to or leading to or surrounding a bathing pool generally have water constantly thrown upon them and are in a slippery condition. It should not be necessary to state that bathing pools generally have water in them and then when bathers jump into or dive into pools they naturally and necessarily splash water onto the walks adjacent to or surrounding such pools. A swimming pool used in connection with a hotel with walkways connecting such swimming pools and hotels are constantly used by the bathers going from the swimming pool to the hotel with wet bathing suits on and with bare feet. Naturally, such walks constantly have water upon them and are in a slippery condition.
The appellant alleges that she should be excused from not seeing the water on the concrete walk because she was facing the sun and was temporarily blinded. If she was so blinded that she could not see, she should not have walked upon a place and taken steps where it was impossible for her to see where she was going. Even if she was blinded, her complaint shows on its face that she knew the swimming pool was there and that the walk was adjacent to the pool and was used in connection with all of the facilities on the premises. No one will contend that the owner was responsible for the sun shining, or the direction in which it was shining.
Principles governing this case are set forth in an opinion of the Court by Mr. Justice Roberts in Miller v. Shull, Fla., 48 So.2d 521, 522. That was a bath tub case where the bath tub was slippery and a guest slipped, fell and received serious injuries. She charged the owner with failure to remove from the bath tub a slippery substance before assigning the room to her. The Court said:
"* * * Plaintiff must have known, since it is a matter of common knowledge  and one which most of us know through painful experience  that a small amount of water in the bottom of a bath tub creates a slippery condition; and we think we may safely say that any reasonably prudent person makes at least a cursory examination of the condition of a bath tub before stepping into it. * * *
"From the allegations of the declaration in this case, it appears that the plaintiff's injuries were the result of her own failure to exercise ordinary care, and under such circumstances the question of negligence was properly decided by the court as a matter of law."
We have considered all of the cases cited by the appellant and they are not applicable to the facts alleged in her complaint.
The owner of the premises such as described in the complaint in this case is not guilty of actionable negligence because he failed to remove a puddle of water from the concrete walk in question, or because he fails to keep such walk in a dry condition so that it would not be slippery.
The order of the Circuit Judge in dismissing the complaint and entering final judgment was without error.
Affirmed.
SEBRING, C.J., ROBERTS, J., and HOCKER, Associate Justice, concur.