**DES ISLES v. EVANS et al.**

No. 14045.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1952.

Charles Longstreet Weltner, Atlanta, Ga., Sheldon Dubler, Miami, Fla., for appellant.

A. Walton Nall, Atlanta, Ga., John A. Murray and Clarence J. Brown, Jr., Miami, Fla., for appellees.

Before BORAH, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment dismissing the amended complaint upon the ground that it failed to state a cause of action upon which relief could be granted. The complaint charged that appellant was a paying patron of appellees' swimming pool; that appellant dove from the low diving board and struck her head against a submerged swimmer, then swimming under water in the diving area of the pool, resulting in serious injuries.

The appellees are charged with negligence in the following particulars: a. in failing to maintain a lifeguard to prevent swimmers from entering "the portion of the pool reserved for divers"; b. in superintending the patrons of the pool to protect them when using the diving board from under-water collision with swimmers; c. in providing a safe and proper place for divers; d. in policing and supervising the place where a patron could dive from the low diving board.

The substantive duty owed by a swimming pool operator to a paying patron is, of course, controlled by the law of Florida. In Turlington v. Tampa Electric Co., 62 Fla. 398, 56 So. 696, 698, 38 L.R.A., N.S., 72, the Florida Supreme Court says:

"One who maintains a public resort is required by law to keep it in a reasonably safe condition for those who properly frequent the place. Where the public is invited to attend a resort, it is the duty of the one who so invites to exercise all proper precaution, skill, and care commensurate with the circumstances to put and maintain the place and every part of it in a reasonably safe condition for the uses to which it may rightly be devoted."

In McKinney v. Adams, 68 Fla. 208, 66 So. 988, 993, L.R.A.1915D, 442, after

referring to the duty to provide proper supervision and proper persons and appliances to rescue patrons in water customarily used by patrons when the patrons themselves are without fault, the Florida Supreme Court says:

"All of these precautions may be duties of the operator of the place who offers its use to the public if the circumstances make such precautions reasonably necessary or expedient for the safety to those who use the waters in the customary way."

The two Florida cases referred to recognize that contributory negligence is an affirmative defense to be pleaded and proved by the defendant unless it appears in the case made by the plaintiff.

The rule of pleading in Florida was well stated in Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 49 So. 1024, 1025:

"It is settled law here that every pleading is to be construed most strictly against the pleader thereof, and also that a declaration in an action at law should allege distinctly and clearly every fact that is essential to the plaintiff's right of action."

With the application of that rule of pleading to the facts under the substantive law of Florida the Florida Courts have reached varying results in cases involving the duty of a swimming pool operator to a patron of the pool depending upon the peculiar facts and circumstances of the particular cases. Complaints in the following cases have been held sufficient: Turlington v. Tampa Electric Co., supra; McKinney v. Adams, supra; Pickett v. City of Jacksonville, 155 Fla. 439, 20 So.2d 484; Ide v. City of St. Cloud, 150 Fla. 806, 8 So. 2d 924. In the following cases complaints have been held insufficient: Andrews v. Narber, Fla., 59 So.2d 869; Payne v. City of Clearwater, 155 Fla. 9, 19 So.2d 406.

The rule of pleadings in the Federal Courts is different. As stated by Professor Moore, "the courts have ruled time and again that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief

**616**

under any state of facts which could be proved in support of his claim." 2 Moore's Federal Practice, 2nd.Ed., Sec. 8.13, p. 1653. See also Sec. 12.08, p. 2245; Atlantic Coast Line R. Co. v. Mims, 5 Cir., 199 F.2d 582; Stanaland v. Atlantic Coast Line R. Co., 5 Cir., 192 F.2d 432, 434; Kohler v. Jacobs, 5 Cir., 138 F.2d 440, 441. As well stated by Judge Sibley speaking for this Court in De Loach v. Crowley's Inc., 128 F.2d 378, 380, "Under the Rules of Civil Procedure a case consists not in the pleadings, but the evidence, for which the pleadings furnish the basis. Cases are generally to be tried on the proofs rather than the pleadings."

It cannot be said with reasonable certainty that no facts or circumstances might be proved by the plaintiff to justify the granting of relief. For example, in view of the plaintiff's reference to the portion "of the pool reserved for divers", the New York case of Byron v. St. George Swimming Club, 283 N.Y. 505, 28 N.E.2d 934, lends strong support to the sufficiency of the complaint. We think that the Court erred in dismissing the amended complaint and its judgment is reversed.

Reversed.