MATHEWS, Justice.
This is an appeal from two summary judgments entered in the Circuit Court of Dade County in favor of the defendants in a personal injury action.
The defendant, Sacks, was the lessee of an unenclosed outdoor lunch-counter concession which is a part of an area that includes a swimming pool, beach, cabanas and other facilities incidental to a place for swimming and bathing purposes. The cabanas are patronized by patrons and bathers-going to and from the swimming pool and the beach in wet bathing suits and in their bare feet. Thomas Corporation was the owner and lessor of the property. The lunch-counter concession was maintained,, used and operated for the benefit of those enjoying the other facilities and also to enable them to obtain a “bite to eat” or something to drink without going into a hotel to> change bathing suits for clothes and to cover bare feet with shoes in order to eat in ai hotel dining room. The plaintiff had used the particular cabana in question, the swimming pool and the beach and the lunch-counter for a period of two years. She knew the place was there, she knew the use for which it was put and she knew, or should have known, that such use would cause the floor of the lunch-counter concession to become wet.
It is alleged that the lunch-counter floor was made of somewhat slippery material and that it was more slippery when it was wet. The plaintiff was required to walk down two or three steps in order to get to the slippery floor of the covered lunch- *416 counter concession. On this occasion as she reached the lunch-counter and touched the slippery, wet floor with her bare feet, she slipped and fell and claims damages for her injuries.
The above and foregoing facts were un-contradicted.
The lower court found there was no genuine issue as to any material fact and entered judgments for the defendants. This case is controlled by our opinion in the case of Andrews v. Narber, Fla., 59 So.2d 869.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.