84 So.2d 25 (1955)
Nelson Filmore WOODFORD, Appellant,
v.
The CITY OF ST. PETERSBURG, a Florida Municipal Corporation, Appellee.
Supreme Court of Florida. Special Division A.
December 14, 1955.
Robert G. McNulty and McNulty & McNulty, St. Petersburg, for appellant.
Lewis T. Wray, Harry I. Young, Frank D. McDevitt and John Robert Terry, St. Petersburg, for appellee.
THORNAL, Justice.
Appellant Woodford, plaintiff below, seeks reversal of an order sustaining a motion to dismiss his complaint with prejudice.
The complaint alleged in substance that the appellee City owned, maintained and regulated a public park known as "Crescent Lake Area," which park included a baseball diamond known as "Huggins Field." Appellant's homeplace, including his yard, adjoined Huggins Field on the south. It is alleged that appellee permitted and invited the New York Yankee Baseball Club, a professional major-league baseball team *26 to conduct "daily Spring training" in the area described as Huggins Field; that daily practice of the Yankees attracted great numbers of spectators, including groups of young men and boys who chased baseballs which were hit or thrown beyond Huggins Field onto adjoining lands. It is specifically alleged that frequently each day various groups of boys organized themselves into "flying squadrons," possibly best described as "football formations." These groups included blockers and tacklers who would precede the flying wedge and tackle and block out any person interfering with the objective of the group to retrieve the baseballs. It is further alleged that this practice constituted a nuisance dangerous to persons and property; that the nuisance had continued for several weeks prior to the date of plaintiff's injury; that the City knew or should have known of the nuisance and its dangerous potentialities, but that despite the existence of the nuisance and the knowledge thereof by the City, the City failed "to use reasonable and prudent care to protect the persons or property of adjacent landowners."
It is further set out that on the day in question, the appellant was lawfully in his backyard during the time that the New York Yankees were practicing, that one of the heavy hitters hit a ball outside the field into appellant's yard, whereupon the usual flying squadron was organized in appellee's park, pursued the ball onto appellant's adjoining property and in the process of retrieving the ball, ran into and upon the plaintiff, knocked him down, fractured his second lumbar vertebra and generally caused plaintiff to suffer considerable bodily injuries. Hence, this suit against the City.
The trial judge sustained a motion to dismiss the complaint on the stated ground that even admitting the existence of the alleged nuisance, any effort on the part of the City to have abated the nuisance and prevent the trespass to appellant's property would have involved an exercise of the police power calling into action the municipal police force and that under the established law of this state, a municipality cannot be held liable for the negligence of its police department whether for acts of commission or omission.
We have consistently held that in the performance of strictly governmental functions a Florida municipality enjoys a sovereign immunity from liability for damages resulting from torts. Although there has been a tendency in recent years to limit the doctrine, we continue to recognize the rule that a municipality in this state is not liable for damages resulting from the negligent acts of its police force. It requires no peculiar construction of the rule to agree that similarly a municipality should not be liable for the negligent failure of its police force to act when action would appear to be indicated.
At the same time we have also held that in the operation and maintenance of playgrounds and recreation areas a city exercises a proprietary, as distinguished from a governmental, function and that in the exercise of its proprietary function a municipal corporation can be held liable for the negligent conduct or negligent failure of its employees in the same manner that liability is imposed on private corporations. See Ide v. City of St. Cloud, 150 Fla. 806, 8 So.2d 924; and Pickett v. City of Jacksonville, 155 Fla. 439, 20 So.2d 484.
The appellee City, however, contends that the alleged injury to the plaintiff did not occur on the city park nor did it result from the plaintiff having been struck by a flying missile, the projectory of which originated in the city park. The briefs in some measure concede that if plaintiff had been struck by a ball batted or thrown from within the park, even though at the time the plaintiff had been struck by a ball batted or thrown from within the park, even though at the time the plaintiff was on his own property, nevertheless, there might be some area for holding the City liable. Actually, this is the rule. See Salevan v. Wilmington Park, 6 Terry 290, 72 A.2d 239, 16 A.L.R.2d 1450. The case last cited and the annotation thereto support the rule that "Municipalities have generally been held liable for their negligence in operating or maintaining public *27 parks in such a manner as to increase the hazard to persons on adjoining streets or premises of being hit by batted or thrown baseballs."
Furthermore, we have applied to municipal corporations the same obligation that we have imposed upon private corporations that they so use or employ their own property as to do no unnecessary injury to others beyond the limits of that property. This rule is announced in 38 Am.Jur., Municipal Corporations, Sec. 607, p. 303, as follows:
"In general, a municipal corporation owning property as a private owner is chargeable with the same duties and obligations, and is liable in the same way for injuries arising from neglect, as a private owner. Thus, a municipal corporation holding property for its own profit or gain is liable for negligence in its management to the same extent that business corporations or individuals would be. The duty of a municipality so to use its own property as to do no unnecessary injury to others extends to effects produced by the use, beyond the limits of the property. * * *"
See also Bray v. City of Winter Garden, Fla. 1939, 40 So.2d 459, on the general proposition.
We return to a consideration of the facts of the instant case armed with the principles of law above announced. We find that the appellant relies upon the broad proposition that the appellee City was conducting a nuisance on its property by permitting the organized groups to form and to use the municipal playground as a sort of springboard or launching area from which to project what might be described as a "human missile" across the lot-line onto the adjoining property of appellant to the injury and damage of appellant. Appellant says that the City knew about this and that it failed "to use reasonable and prudent care" to protect persons and property of adjoining landowners.
We can agree with the conclusion of the trial judge that if the sole method of abating the nuisance, should the facts reveal that it was a nuisance, would have required calling out the municipal police force, then the City could not be held liable. On the other hand, if the plaintiff can prove all of the essential allegations of his complaint and can prove that in some other manner, such as the construction of a protective fence around the playing-field, the City could have prevented the formation and ensuing activities of the gangs of baseball retrievers, then we can see in the complaint a potential area of negligence for which the City might be held liable should it be proven that it has failed to exercise appropriate care commensurate with the circumstances, which it knew or should have known to exist. While at the trial of the cause the appellant obviously must discharge itself of the burden of proving the allegations of his complaint within the limits announced by this opinion, nevertheless, in the present state of the record we are led to the conclusion that the complaint at least states a cause of action that saves it against the motion to dismiss.
The judgment appealed from dismissing the complaint is, therefore, reversed for further proceedings consistent with this opinion.
DREW, C.J., and TERRELL and O'CONNELL, JJ., concur.