KANNER, Judge.
The City of St. Petersburg, which owns and operates a swimming pool as a public facility, requires that one take a shower before using the pool and furnishes a shower room for that purpose. The plaintiff, Tweedale, an invitee, complained that as he entered the shower room preparatory to using the pool, he slipped and fell on the floor and suffered injury as a result. Moving for summary judgment, the defendant municipality asserted that there existed no genuine issue of any material fact and that it was entitled to judgment as a matter of law. The trial judge granted the motion and rendered final judgment in favor of the defendant, finding that the plaintiff was guilty of contributory negligence.
In substance, the deposition of the plaintiff was that on August 18, 1958, he, intending to use the pool, paid his admission fee, put on his bathing suit, then proceeded to the shower room to take a shower, as required, before going in the pool. Pie stated that the shower room had a door with two swinging panels which obstructed his view of the shower room floor and that immediately as he entered the door, he slipped and fell, either on a piece of soap or soapy scum upon a slight incline of the floor, two or three feet in length, sloping to the lower level of the shower room. He further asserted that, being sure-footed, he would not have fallen except for the soap and scum on the floor, which soap or scum he could have seen except for the obstruction provided by the swinging door panels and which soap or scum he could see afterwards when he looked at the floor. The accident occurred during daylight. The plaintiff’s contention was that the slippery floor constituted a hidden danger due to the swinging doors at the entrance to the shower room and due to the lack of warning signs.
 Ordinarily, determination of liability of municipal corporations for negli *921 gence in matters as to which liability may exist is made according to the legal rules regarding liability for negligence generally. Thus where a municipality, pursuant to its charter power, undertakes to render a service to the public, it is held to the same degree of care as is required of private persons and private corporations. Woodford v. City of St. Petersburg, Fla.1955, 84 So.2d 25; Ide v. City of St. Cloud, 1942, 150 Fla. 806, 8 So.2d 924; Pickett v. City of Jacksonville, 1945, 155 Fla. 439, 20 So.2d 484; and 23 Fla.Jur., Municipal Corporations, section 212, p. 209.
The trial judge specifically cited the case of Bowles v. Elkes Pontiac Company, Fla.1953, 63 So.2d 769, as authority for his ruling. In that case the circuit judge sustained a motion to dismiss an amended complaint alleging that an automobile sales and show room was in a dangerous and defective condition because there was an unsafe and obscure drop-off approximately three inches in depth located eighteen inches inside the entrance door, with the entrance, surrounding floor, and the drop-off being of the same color floor material so that the slight drop-off was rendered hidden and dangerous. Affirming the judgment, the Supreme Court applied the rule that one possessed of ordinary intelligence has a duty and obligation for his own safety, on entering a door to a building or show room, to use ordinary care to look and see where he is going and to see that which would have been obvious to him upon the ordinary use of his senses.
The Supreme Court of Florida, in the case of Andrews v. Narber, Fla.1952, 59 So. 2d 869, dealing with a situation wherein plaintiff fell while walking on a slippery spot on a walkway adjacent to a swimming pool, held that the owner of premises including a hotel, cocktail lounge, bath house and adjacent concrete walk was not required to remove a puddle on the walkway adjacent to the pool, and had no liability as to injury suffered by a patron due to the slippery condition of the floor which was necessarily incidental to use of the place for swimming or bathing, since it is a matter of common knowledge that generally water is constantly thrown upon walks adjacent to or leading to or surrounding a swimfning pool and that the walks are in a slippery condition.
Also, in the case of Miller v. Shull, Fla.1950, 48 So.2d 521, there was concerned an action for injuries sustained to a guest resulting from a fall in a bathtub. The charge was that the defendant committed a negligent act of omission in failing to remove from the tub a slippery substance before assigning the room and bath. The Supreme Court held that the complaint failed to state a cause of action in the absence of allegation of facts showing that the guest, by ordinary use of her senses, could not have discovered the slippery substance on the bottom of the tub in which she allegedly slipped. The court concluded that it "is commonly known that a small amount of water in the bottom of a bathtub creates a slippery condition and that any person reasonably prudent examines, at least cursorily, the condition of a bathtub before stepping into it.
The plaintiff’s deposition indisputably established that he stepped into the shower room without first observing the condition of the floor and that the claimed condition was clearly discernible and could easily have been seen if the plaintiff had used his ordinary senses to perceive where he was going upon opening the swinging doors to enter. The condition was neither latent nor concealed but was obvious and apparent. The plaintiff knew he was entering a shower room of a public recreational facility. It may be accepted as a matter of common knowledge that a public shower room floor, from its very nature when the room is in use as in this case, might be in a slippery condition. We find no error in the entry of the judgment.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.