WHITE, Judge.
The appellants, as defendants in a negligence action, obtained a jury verdict of non-liability. They now appeal the order of the trial court setting aside the verdict and granting the plaintiff-appellee a new trial. The trial court was of the opinion that the admission in evidence of a certain time-exposure photograph offered by the defendants was seriously prejudicial to the plaintiff. The parties will be referred to according to their designation in the trial court.
Plaintiff Amos Baughman was a skilled dairy milker who had been working for the defendant dairy operators for approximately a year when he was injured on the job. The injury occurred at four o’clock A.M. on August 14, 1959 while the plaintiff was performing his early morning chores. He was milking six cows concurrently by machine when a cow outside the milking shed refused to enter. The plaintiff left the machine to encourage the cow along the ramp into the milking shed. While so engaged he heard a noise caused by the milking machine becoming detached from one of the cows. He hurried back toward the shed and slipped on a manure deposit, fell upon a pile of rocks and injured his lower back.
The plaintiff alleged that the defendants were negligent in not furnishing sufficient co-workers, in failing to provide a reasonably safe place to work with adequate lighting, and in permitting the pile of rocks to remain in the area. The defendants denied negligence on their part and asserted the affirmative defenses of assumption of risk and contributory negligence. The case proceeded to trial and much evidence was introduced. Motions for directed verdict at the conclusion of all the evidence were denied.
Several photographs were received in evidence depicting the milking shed, the ramp leading to the shed, and the holding pen where the cows awaited milking. The court overruled the plaintiff’s objection to defendants’ Exhibit 4, a time-exposure photograph admitted on the testimony of the photographer who took the picture, which was one of several depicting the area where the plaintiff fell. The particular picture was taken nine months after the accident at about eight o’clock at night. The plaintiff contended that the picture in question was not shown to have been taken under conditions similar to those existing at the time of the accident and that it erroneously showed the area where he fell to be well lighted. The plaintiff introduced six photographs and the defendants introduced four photographs representing various views of this same area.
The jury returned a verdict for the defendants. The plaintiff thereupon filed a motion for a new trial and appended several time exposure photographs of another scene taken at another time, the purpose being to point up the excessive illumination caused by the time-exposure process. The motion also renewed the plaintiff’s previ *769 ous objections to Exhibit 4 as interposed at the trial. The court granted a new trial on the ground that a time exposure photograph “should never be admitted to show the intensity of light and that the admission of such photograph gave a false impression to the jury on a material fact”. In so ruling the court did not otherwise comment on the evidence as to its weight and sufficiency, and in this connection we note that “ * * * no other grounds than -those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal”. Section 59.07(4), F.S.A.
The defendants, seeking reversal on appeal, insist that the admission of Exhibit 4 was not error since the plaintiff’s objections pertained to its weight rather than to its competency, and that in any event the plaintiff’s evidence in chief failed to make out a case for recovery. The defendants submit arguendo that the trial court should have granted their motion for a directed verdict at the conclusion of the plaintiff’s case inasmuch as the record showed that the plaintiff was familiar with the premises, that he knew the location of the pile of rocks on which he fell, that he had been instructed not to leave the milking shed with the machinery on the cows, and that when he fell he was generally engaged in the familiar every day routine of his job.
Evidence tending to establish the foregoing facts and circumstances was in fact before the jury but, while we consider these matters relevant and material to the question on appeal, they are not necessarily determinative in themselves. Assuming that the time-exposure process falsely illuminated the scene of' the plaintiff’s injuries and that this was not specifically brought out at the trial but that, notwithstanding, it would have been proper to exclude the photograph designated Defendants’ Exhibit 4, the question remains whether the admission of the photograph in the circumstances of this case was prejudicial enough to justify a new trial. We think not.
As heretofore indicated, a considerable number of pictorial exhibits were offered by both sides with reference to the lighting conditions in the area where the plaintiff sustained his injuries. There was also much testimony and the usual conflicts on this aspect of the case. There was no concealment of the conditions under which the offending picture was taken and no suppression of cross examination of the photographer. If defendants’ Exhibit 4 had been received in evidence without the photographer to explain it on direct and cross examination and without nine other photographs for comparison and without the testimony of other witnesses with respect to the amount of light, there would have been error sufficient to sustain a new trial. Such was not the case.
We recognize the strong presumption favoring the exercise of the trial court’s discretion in granting a new trial. We nevertheless are impelled to conclude, from a conjunctive consideration of all the evidence in this case, that the broad discretionary power of the able trial court was overextended in granting a new trial on the ground that the single photograph in question was improvidently admitted in evidence. See Baxley v. Atlantic Coast Line R.R. Company, Fla.App.1959, 110 So.2d 487; Hillsboro Plantation, Inc. v. Plunkett, Fla. 1952, 59 So.2d 872; Breeding’s Dania Drug Co. v. Runyon, 1941, 147 Fla. 123, 2 So.2d 376; 3 Jones on Evidence 1189, Sec. 625.
In Redwing Carriers v. Helwig, Fla.App.1959, 108 So.2d 620, this court noted the rule stated by the Supreme Court of Florida in Martin v. Sussman, Fla.1955, 82 So.2d 597, 598:
“ * * * It is error to grant a new trial when the verdict set aside is supported by the testimony appearing in the record and nothing can be accomplished except to have another jury review the cause. * * * ”
Inasmuch as the action of the trial court in setting aside the verdict for the defend *770 ants and granting the plaintiff a new trial was not justified, the order appealed is reversed with directions to reinstate the verdict of the jury and enter final judgment thereon.
Reversed with directions.
SHANNON, C. J., and KANNER, J., concur.