QUESTION: May a municipality charge a fee for admission to a municipal beach?
SUMMARY: A municipality may charge a fee for admission to and use of its municipally owned beach provided that such fee is reasonably related to the expenses incurred in operating the beach and is nondiscriminatory. In the absence of authorization from the State Legislature, however, a municipality cannot charge a fee for, or otherwise regulate or restrict, public admission to and use of the wet-sand beaches of the state, which are owned by the state and held in trust for all the people. Initially, it should be noted that municipalities in this state possess ample authority to acquire land for park purposes and to dedicate and set apart for use as playgrounds and recreation centers and other recreation purposes any lands owned by such municipalities and not dedicated or devoted to other inconsistent public uses. See s. 418.02, F.S.; and s. 166.021, F.S., of the Municipal Home Rule Powers Act; cf. AGO 054-154, July 1, 1954, Biennial Report of the Attorney General, 1953-1954, p. 471. In this regard, it has long been held that the authority to maintain a park carries with it the power to maintain a bathing beach. See Ide v. St. Cloud, 8 So.2d 924 (Fla. 1942). As to your specific question, a municipality may make all regulations with regard to the control and management of its public parks as are necessary to preserve the public peace and safety, the protection of the property from injury, and to secure to the public the common enjoyment thereof. [See] 64 C.J.S. Municipal Corporations s. 1818, pp. 300-301. In order to be valid, however, such regulations must be reasonable and nondiscriminatory. Id. at 301. Thus, for instance, municipal regulation of public parks, including bathing beaches, cannot, as a general rule, discriminate against members of the public on the basis of their residence. See 24 Fla. Jur. Parks and Recreation Centers s. 6, p. 175, in which it is stated that "public parks are held not for the sole use of a particular community, but for the use of the general public without reference to the residence of the user." See also 10 McQuillin Municipal Corporations s. 28.52, p. 169; cf. AGO's 074-279 and 062-142. As an aspect of this authority to establish reasonable regulations for the control and management of public parks, including bathing beaches, it is generally recognized that a municipality, in case of expense in maintaining services in a public park, may demand a fee for individual use. [See] 64 C.J.S. Municipal Corporations s. 1818, p. 303. Again, however, such fee must be reasonable (i.e., reasonably related to the expense incurred in operating the park) and nondiscriminatory. See Neptune City v. Avon-By-The-Sea,294 A.2d 47 (N.J. 1972), in which is was stated that, while a municipality may validly charge reasonable fees for the use of its beaches, it may not discriminate in any respect between its own residents and nonresidents. Cf. AGO 074-279. Finally, it should be emphasized that the foregoing discussion applies only to public admission to and use of municipally owned beaches. Wet-sand beaches (beaches between the mean high and mean low water lines) are, of course, owned by the state and held in trust for all the people. See Art. X, s. 11, State Const.; White v. Hughes, 190 So. 446 (Fla. 1939); City of Daytona Beach v. Tona-Rama, Inc., 294 So.2d 73 (Fla. 1974). Accord: Attorney General Opinion 074-279. As such, public admission thereto and use thereof, in the absence of legislative direction to the contrary, is not subject to municipal regulation and control.